UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UCINDY MEANS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:19-cv-02284<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Ucindy Means ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of First National Collection Bureau ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of Illinois, Defendant conducts business in the Central District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Illinois.

6. Defendant's principal office is located at 50 W. Liberty Street, Suite 250, Reno, Nevada 89501.

7. Defendant acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigned, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On February 6, 2003, a Memorandum of Judgment was entered in favor of Providian National Bank ("Providian") in the amount of $2,508.82 plus costs against Plaintiff ("subject debt") in the Circuit Court of Cook County, Illinois as case number 02M1179480.

9. Subsequently thereafter, Providian sold or otherwise assigned the subject debt to Defendant for collection.

10. At no time did Defendant revive the judgment entered on February 6, 2003 by Providian.[1]

---

[1] Pursuant to 735 ILCS 5/2-160, "a judgment may be revived by filing a petition to revive the judgment in the 7th year after its entry.."

11. Illinois law governs the time limit for enforcing judgment and states: "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered." *See* 735 ILCS 5/12-108.

12. On July 30, 2019, nearly 16 years after the Cook County court entered judgment on the subject debt to Providian, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail, in an attempt to collect the subject debt from Plaintiff. *See* Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff dated July 30, 2019.

13. The Collection Letter misleadingly fails to mention that if Plaintiff chooses the option offered in Defendant's Collection Letter to make a payment on the subject debt, then the Statute of Limitations to sue on the subject debt will be renewed.

14. Moreover, as the Statute of Limitations on the subject debt expired in 2010, and no revival of judgment was ever entered, Defendant had a duty to instruct Plaintiff that payment on the subject debt would revive the Statute of Limitations and Defendant would be able to sue Plaintiff.

15. Therefore, Defendant's Collection Letter seeks to induce Plaintiff into paying the subject debt by dangling an illusory offer and renewing the Statute of Limitations in order to sue the Plaintiff on the subject debt.

16. As such, the above referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

17. Defendant's unfair techniques are designed to force unsophisticated consumers, such as Plaintiff, to pay the subject debt.

## DAMAGES

18. Defendant's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

19. Plaintiff has expended time consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

21. Defendant's activities have caused Plaintiff actual harm, including but not limited to, emotional distress, anxiety, embarrassment, monetary losses, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector[s]" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

28. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §1692e, e(2), e(10), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

30. Defendant violated §§1692e, e(2), and e(10) when they used false, deceptive, and misleading means in connection to the alleged subject debt.

31. Defendant misleadingly provided an illusory offer for resolving the subject debt and deceptively failed to mention the Statute of Limitations to sue on the subject debt has expired and any payment made towards the subject debt will renew the Statute of Limitations. An unsophisticated consumer would not be aware that making a payment on a debt could have legal consequences and obligations. This one-sided offer, absent any further clarifying language in the Collection Letter, illustrates the misleading and deceptive nature of Defendant's Collection Letter and further demonstrates the potential harm suffered by consumers who accept Defendant's terms yet are then deceived into legal consequences.

   b. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff's lack of knowledge of the Statute of Limitations on suing on a debt. Defendant sought to unfairly exploit Plaintiff to possible litigation by inducing her to make a payment on the subject debt and renewing the Statute of Limitations to sue on the subject debt. Plaintiff could go about

5

paying the subject debt yet ultimately be exposed to legal consequences. Defendant's conduct is inherently unfair and unconscionable under the FDCPA.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt without advising Plaintiff that payment would result in the revival of the statute of limitations.

35. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff UCINDY MEANS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 24, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com